UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH DAVIS, a/k/a JEREMY JOSEPH DAVIS, | : CIVIL ACTION NO. **4:CV-07-0680** |
| | : |
| | : (Judge McClure) |
| Petitioner | : |
| | : (Magistrate Judge Blewitt) |
| v. | : |
| | : |
| DAVID J. WAKEFIELD, et al., | : |
| | : |
| Respondents | : |

**REPORT AND RECOMMENDATION**

Joseph Davis, a/k/a Jeremy Joseph Davis, an inmate at the State Correctional Institution at Huntingdon, Pennsylvania, filed, *pro se*, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, on April 12, 2007. (Doc. 1). Petitioner also filed a Motion for leave to proceed *in forma pauperis* (Doc. 2) and a motion for Appointment of Counsel. (Doc. 3).

Petitioner is challenging his February 7, 2007 drug conviction in Greenville County, South Carolina.[1]

---

[1]We hardly see how it is possible for Petitioner to have exhausted his state court remedies with respect to his claims, as required, since he filed his Habeas Petition about two months after his South Carolina state court drug conviction. In fact, Petitioner indicates that he did not appeal his conviction with the South Carolina state courts. (Doc. 1, pp. 3 and 6). Petitioner mistakenly believes that, since he is incarcerated out of South Carolina, his only recourse is to file a federal habeas petition. (*Id.*, p. 6).
In any event, we will let the South Carolina District Court address the exhaustion issue.

1

A 28 U.S.C. §2254 petition may be brought in the federal judicial district in which the state court of the conviction is located and, when the prisoner is confined in a prison located in another federal district in the same state as the state of conviction, the petition may be brought in the district of confinement. The district court for the district in which the petition is filed may transfer the petition to the district court for the district of the conviction when to do so is in the interests of justice. 28 U.S.C. §2241(d).

Petitioner is challenging his February 7, 2007 drug conviction in the 13th Judicial Circuit, General Sessions Court, Greenville County, South Carolina.

The petitioner is a prisoner at the State Correctional Institution at Huntingdon, Huntingdon, Pennsylvania, which is in this District. He is challenging a conviction in Greenville County, South Carolina, which is in the District of South Carolina. All records of conviction, transcripts of proceedings, witnesses, and counsel are located within the District of South Carolina. Other than Petitioner's incarceration in the Middle District of Pennsylvania, his case has no connection with this District.

It will be in the interests of justice to transfer this petition to the United States District Court for the District of South Carolina.

Based on the foregoing, it is respectfully recommended that this case be transferred to the United States District Court for the District of South Carolina pursuant to

28 U.S.C. §2241(d).   It is further recommended that Petitioner's Motion for leave to proceed *in forma pauperis* (Doc. 2) and Motion for Appointment of Counsel (Doc. 3) be left to the discretion of the transferee court.

           **s/ Thomas M. Blewitt**
           **THOMAS M. BLEWITT**
           **United States Magistrate Judge**

**Dated: April 17, 2007**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH DAVIS, a/k/a JEREMY JOSEPH DAVIS, | : | CIVIL ACTION NO. **4:CV-07-0680** |
| | : | |
| | : | (Judge McClure) |
| Petitioner | : | |
| | : | (Magistrate Judge Blewitt) |
| v. | : | |
| | : | |
| DAVID J. WAKEFIELD, et al., | : | |
| | : | |
| Respondents | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **April 17, 2007.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however,

4

need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


                                                  **s/ Thomas M. Blewitt**
                                                  **THOMAS M. BLEWITT**
                                                  **United States Magistrate Judge**


**Dated: April 17, 2007**